# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| **HILDA GONZALEZ GARZA** | ♦ |
| | ♦ |
| **V.** | ♦ |
| | ♦ |
| | ♦   **CIVIL ACTION NO.** _____ |
| **STARR COUNTY, TEXAS and** | ♦ |
| **VICTOR CANALES, JR.** | ♦ |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **HILDA GONZALEZ GARZA** (hereinafter referred to by name or as "Plaintiff"), complaining severally and jointly of **STARR COUNTY, TEXAS** and **VICTOR CANALES, JR.** individually and officially (hereinafter called specifically by name or as "Defendants"), and for such cause of action, would respectfully show unto the Court and jury as follows:

1.

## PARTIES & VENUE

Plaintiff, **HILDA G. GARZA**, is a resident of Starr County, Texas.

Defendant, **STARR COUNTY, TEXAS** can be served by delivering citation to the following: *Eloy Vera – Starr County Judge* at **Starr County Court House Annex, 100 N. F.M. 3167 , Rio Grande City, Texas 78582**.

Defendant, **VICTOR CANALES, JR.** can be served by delivering citation him at the following: at ***401 N. Britton Ave.; Room 405, Rio Grande City, Texas 78582***.

Venue is proper in this jurisdiction in that the incidents made the basis of these causes of action occurred within the Southern District of Texas.

2.

## FACTUAL ALLEGATIONS

A.   Plaintiff is a life-long resident of Rio Grande City, Texas. Plaintiff attended the schools that comprise the Rio Grande City Consolidated Independent School District ("R.G.C.C.I.S.D."). Plaintiff graduated and earned her high school diploma from Rio Grande City high school and earned the classification of Salutatorian in 1988.

B.   Plaintiff earned a Bachelor of Arts degree from Texas A&M University College Station in May of 1991. Subsequently, Plaintiff graduated with a jurisdoctorate from Texas Southern University – Thurgood Marshall School of Law in May of 1995.

C.   In 1998, Plaintiff was hired as an assistant District Attorney for the 229th Judicial District Court for the counties of Starr, Duval, and Jim Hogg. In 2008, Plaintiff was hired as an assistant County Attorney. Plaintiff was successful working for the county and earned esteem and promotional status during her tenure. During the Plaintiff's employment with Defendant employer, Plaintiff was a loyal, dedicated and hard-working employee.

D.   However, Plaintiff was subjected to various forms of unconstitutional and retaliatory conduct that eventually culminated with her termination.

E.  On Tuesday, July 17, 2012, as the PTO President for North Grammar Elementary, Plaintiff called and requested to list an item on the Agenda about North Grammar PTO donating money to purchase playground equipment and also asked about who had information about the upcoming school board election. After 9 a.m., Plaintiff covered the criminal and juvenile docket in court as Starr County Assistant County Attorney for both Judy Solis, Assistant County Attorney and just re-elected Starr County Democratic Chairperson and Starr County Attorney/Rio Grande City Consolidated Independent School District Attorney, and County Attorney Victor Canales, Jr., while they attended an Obama Rally in San Antonio, Texas. Plaintiff finished with the docket at about 11:55 am.

F.  After 1:30 p.m., Plaintiff called R.G.C.C.I.S.D. again about the School Board Election. No one was available; thus, at about 2:30 p.m., Plaintiff was called back and advised that the majority of the school board would be up for re-election. The school board members run at large. Plaintiff was further advised that the official first day to file would be on Saturday, July 21, 2012 but since the office would be closed to come by on Monday, July 23, 2012.

G.  On Wednesday, July 18, 2012, after 2:00 p.m., Plaintiff was called by the Starr County Attorney's Office that Defendant Victor Canales, Jr. needed to speak to her. Plaintiff arrived at Canales' office, closed the door to his office, and advised him about docket call from the day before. Canales then stated that as far as court everything was okay, but he really wanted to talk to Plaintiff about some calls that he received at around 5:30 p.m. when he was coming back from San Antonio, Texas. Canales advised Plaintiff that she had created a panic and that they were calling him

about Plaintiff wanting to run for a school board member position. Plaintiff explained to him it was not a rumor, but that she in fact was going to run for a school board member position. Plaintiff further explained to Canales that her intentions to seek a school board seat revolved around her two children and other children of the district and she felt that she could contribute to the board.

H. Plaintiff further stated that she would not be able to promise hiring anyone and that she was not interested in firing anyone. The only thing Plaintiff could promise would be to attend all the board meetings and to promise to be prepared and informed as to the items listed in attending the board meetings. Canales indicated that Plaintiff was running against him and his "grupo" and "team." Plaintiff advised that she would be running as an independent, as a person who could think for herself. Plaintiff reiterated that her intentions were to serve her community in a non-paid political position.

I. Canales told Plaintiff that he was being called by others and being criticized for not being able to control his employee and going against his "grupo" and "team". Canales saw Plaintiff as a "contra". Canales further stresses that the lawsuit Plaintiff had become involved with against the school district on the Valedictorian contest issue was not good either. Canales represented that his "grupo" took it personal and they had criticized him for that. Canales admitted that he was offended by Plaintiff's candidacy for the school board. Canales went onto ask Plaintiff is she was running with a slate of candidates. Plaintiff again stated that she was running as an independent. Canales again stated that Plaintiff would be running against his "team" and "grupo" and even though she was an independent, that his "team" would try to

clump me with any other radical group that was out there. Canales asked Plaintiff to think about it and looked very upset.

J.     On Thursday, July 19, 2012, Plaintiff attended morning court docket. Canales greeted everyone at the table except for the Plaintiff and he refused to make eye contact with her.

K.     On Friday, July 20, 2012, Plaintiff visited local county elected officials and advised them that Plaintiff would file her election paper work on Monday to run for school board. Plaintiff's intentions were to gin their support. At about 11:30 a.m., Plaintiff left for a doctor's appointment. Plaintiff received a call from her secretary after 4:00 p.m. Canales' cousin and Starr County Investigator was looking for Plaintiff. Plaintiff called him and he stated he needed to drop off a letter to Plaintiff. The letter was dropped off, and it was then that notice was given to her that Plaintiff's employment with Starr County was terminated.

L.     Defendants' actions, severally and jointly, violated Plaintiff's civil rights guaranteed under the laws of the United States of America and Texas, and Plaintiff thereby sues for relief and to regain some measure of dignity.

3.

## 42 U.S.C. § 1983

The Defendants and employees, agents and all those acting in concert with them or at their discretion acting under color of law of Texas acted with a deliberate indifference and subjected Plaintiffs to the deprivations of the following rights, privileges and immunities secured by the laws and Constitutions and of the United States and

Texas when they decided to discriminate, retaliate, harass, and terminate the Plaintiff and deny her the opportunity access to a meaningful job and other benefits free from hostility and politics that she was qualified and experienced:

(a) The Defendants in their official capacities, and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing the decision to terminate the Plaintiff to an impermissible extent on Plaintiff's exercise of free speech on matters of public concern. Such retaliatory actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(b) The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing the decision to take adverse employment actions against Plaintiff to an impermissible extent on Plaintiff's exercise of free speech due to her political candidacy. Such retaliatory actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(c) The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right of freedom of association under the First and Fourteenth Amendments to the U.S. Constitution by basing the decision to take adverse actions to an impermissible extent on Plaintiff's exercise of her right to freely associate and/or disassociate with groups, public figures, political candidates, and others. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(d) The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right of free speech and due process speech under the First and Fourteenth Amendments to the U.S. Constitution by refusing to provide Plaintiff with an opportunity to speak freely and completely on matters of public concern in accordance with applicable policies and procedures. Such actions evidence Defendants' failure to abide by its own substantive and procedural requirements as stated in its policies and rules. Such actions by Defendants were performed in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(e) The Defendants and employees, agents and all those acting in concert with them or at their discretion conspired to deprive Plaintiff of her rights under the First and Fourteenth Amendments to the U.S. Constitution by committing such acts that caused injury to the Plaintiffs. Said actions

were an attempt by Defendants to accomplish an unlawful purpose by unlawful means. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(f) The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her rights under the First and Fourteenth Amendments to the U.S. Constitution by not providing her with legal process to support her work performance. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(g) The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right pursuant to the employer's written policies and procedures. The personnel policies and procedures, as contained therein, provided Plaintiff with specific rights and entitlements. Adverse employment actions toward the Plaintiff was not based on Plaintiff's acts/omissions, but instead on other non-related, and illegal factors. Defendants ultimately damaged Plaintiff's livelihood and employment because of actions of Defendants that caused pecuniary damages as well as foreseeable compensatory damages. Plaintiff was terminated in breach of said policies for performing duties protected under Texas law and in accordance with the duties and responsibilities as set out in said employment policies resulting in an unjustifiable and unlawful

termination. Such actions by the employer resulted in a discriminatory enforcement of such policies.

As a result of these unlawful deprivations, Plaintiff according to the factual allegations, has effectively been subjected to retaliation, harassment, termination, denial of employment, and other adverse actions, and as a result has suffered anxiety, mental anguish, humiliation, embarrassment, and other emotional harm and distress since being subjected to these unlawful actions and will continue to suffer lost wages in the past and future and other compensatory damages to which she is appropriately entitled and the court deems proper to be proved at trial.

4.

## TEXAS CONSTITUTIONAL CAUSES OF ACTION

(a) The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right of free speech under *Article I, Section 8* of the Constitution of the State of Texas by basing their employment decisions to an impermissible extent on Plaintiffs' exercise of free speech on matters of public concern, political candidacy, political supports of candidates, and political associations. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(b) The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right of freedom of association under *Article I, Section 8* of the Constitution of the State of Texas by basing their employment decisions to an impermissible extent on Plaintiff's exercise of her right to freely associate and/or disassociate with groups, public figures, political candidates, and others. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(c) The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right of free and due process speech under *Article I, Section 19* of the Constitution of the State of Texas by refusing to provide Plaintiff with an opportunity to speak freely and completely on matters of public concern in accordance with applicable policies and procedures. Such actions evidence Defendants' failure to abide by its own substantive and procedural requirements as stated in its policies and rules. Such actions by Defendants were performed in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

As a result of the unlawful deprivations, Plaintiff has effectively been subjected to retaliation, harassment, termination, denial of employment, and other adverse actions. Plaintiff seeks the equitable and injunctive relief available to her under Texas laws.

5.

## 42 U.S.C. §1985(3)

Plaintiff asserts a cause of action against Defendants, in their individual and official capacities, for conspiracy to violate her respective civil rights. Defendants conspired to illegally commit such acts that caused injury to the Plaintiff. Said actions were an attempt by Defendants to accomplish the deprivation of Plaintiff's civil and constitutional rights and privileges under the equal protection of the laws by taking actions in furtherance of their attempts to deprive and infringe upon Plaintiff's individual and respective rights to free speech, freedom of association, and right to privacy. Defendants were aware of the wrongful nature of their acts and benefited or intended to benefit by such actions.

6.

## JURY TRIAL REQUEST

Plaintiff requests that a jury be convened in order that issues the basis of this lawsuit be tried in accordance with the Federal Rules of Civil Procedure.

7.

## ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of her natural life. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of

earnings will continue long into the future. Plaintiff thus sues for mental pain and anguish, loss of earnings, loss of earning capacity, front pay, benefits, and seniority—all in the past and future. Plaintiff also seeks to recover any and all damages that she may be appropriately entitled and the court deems proper including but not limited to reinstatement and front pay. In addition to compensatory damages, in that the Defendant acted with actual malice and malice, Plaintiff further requests that exemplary damages be awarded against the Defendant.

8.

## EXEMPLARY DAMAGES

The conduct of the Defendant as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of spite, ill will, malice, and evil intent held by the Defendant, such acts were calculated to cause injury and/or damage to the Plaintiff. The Defendant accordingly acted with malice, actual malice and/or specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant as a result of its egregious violation of the law.

9.

## ATTORNEY'S FEES

By reason of the allegations of this petition under 42 U.S.C. 1983, and 42 U.S.C. 1988, Plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that she has employed attorneys to assist in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, Plaintiff fully expects that the Defendant will appeal this case. Plaintiff seeks attorney's fees to compensate her for the attorney's fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks that assisted in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Honorable Court grant the following:

a). Judgment against Defendants for an amount compensating Plaintiff for her damages and injuries in an amount in excess of the minimum jurisdictional

limits of this Court plus interest, and attorney's fees, such to be awarded by the jury and court as announced by law;

b). Prejudgment interest as allowed by law;

c). Attorney and litigation fees and expenses for both trial and appeal;

d). Interest on said judgment at the legal rate from date of judgment;

e). Costs of suit herein;

f). Nominal damages and such other appropriate relief to which Plaintiff may be justly entitled and the court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box 1664
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659
Web: michaelpruneda.com
Email: michael@michaelpruneda.com

By: _____ 8/17/12
MICHAEL PRUNEDA
State Bar No. 24025601
Fed. I.D. No. 25659

ATTORNEY FOR PLAINTIFF