UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| HILDA GONZALEZ GARZA, § § Plaintiff, § VS. § CIVIL ACTION NO. 7:12-CV-274 § STARR COUNTY, TEXAS, *et al*, § § Defendants. § | |

### CHARGE TO THE JURY

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not

necessarily mean that the witness was not telling the truth as he remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**CONSIDER DAMAGES ONLY IF NECESSARY**

If the plaintiff has proven her claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

**COMPENSATORY DAMAGES**

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that she has suffered.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**INSTRUCTIONS ON DELIBERATION**

When you retire to the jury room to deliberate, you make take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case

unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

SO ORDERED this 24th day of September, 2013, at McAllen, Texas.

_____
Randy Crane
United States District Judge

## CIVIL RIGHTS—42 USC SECTION 1983
## (ADVERSE EMPLOYMENT DECISION—
## EXERCISE OF FIRST AMENDMENT RIGHTS)

A person may sue for an award of money damages against anyone who, "under color of state law," intentionally violates her rights under the Constitution of the United States.

The plaintiff claims that Defendant Victor Canales, Jr. ("Canales"), while acting "under color" of the authority of the State of Texas as Starr County Attorney, intentionally deprived the plaintiff of her rights under the First Amendment to the U.S. Constitution.

The First Amendment gives every citizen the right to freedom of speech, which includes the rights to seek election to public office and to disassociate from political groups.

The plaintiff must prove by a preponderance of the evidence each of the following:

1. That the actions of Canales were "under color" of the authority of the State of Texas;

2. That the plaintiff's speech activities were constitutionally "protected" under the First Amendment;

3. That the plaintiff's exercise of protected First Amendment rights was a substantial or motivating factor in Canales's decision to discharge the plaintiff from her employment; and

4. That Canales's acts were the proximate or legal cause of the plaintiff's damages.

In this case the parties have stipulated that Canales acted "under color" of state law. You must accept that fact as proven.

To prove that her speech activities were a substantial or motivating factor in Canales's decision, the plaintiff does not have to prove that those speech activities were the only reason Canales made the decision. The plaintiff need only prove that the speech activities were a substantial consideration that made a difference in or influenced Canales's decision.

The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Canales was a cause-in-fact of the damage the plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The

plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Canales was a proximate cause of the damage the plaintiff suffered. An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you find that the plaintiff has established each element of her claim, you must then decide whether Canales has shown by a preponderance of the evidence that he would have dismissed the plaintiff for other reasons even if the plaintiff had not exercised her protected speech activities. If you find that Canales would have dismissed the plaintiff for reasons apart from the speech activities, then your verdict should be for Canales.

## DAMAGES

If you find that Canales is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. They are an attempt to make the plaintiff whole, or to restore her to the position she would have been in if the constitutional violation had not occurred.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence: earnings, including benefits, that the plaintiff has lost in the past; and earnings, including benefits, that the plaintiff is reasonably certain to lose in the future.

An award of future damages necessarily requires that payment be made now for a loss that the plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future earnings, then you must determine the present worth in dollars of such earnings. To do this, you must consider two particular factors:

1. You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2. You should reduce any award to present value by considering the interest that the plaintiff could earn on the amount of the award if she made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if she receives it today than if she received it in the future, when she would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date she would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

Any award you make to the plaintiff is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that the plaintiff is

entitled to receive without considering the effect of taxes upon it.

**MITIGATION OF DAMAGES**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find that Canales is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which she could have avoided through reasonable effort. If you find by a preponderance of the evidence that the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages which she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing her damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages.  However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.  Canales has the burden of proving the damages which the plaintiff could have mitigated.  In deciding whether to reduce the plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Canales has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

## QUESTIONS TO THE JURY

### QUESTION 1:

Do you find from a preponderance of the evidence that the plaintiff's constitutionally protected rights to seek public office and/or to disassociate from political groups were a substantial or motivating factor in Canales's decision to discharge her from her employment?

Answer Yes or No __Yes__.

If you answered "Yes" to Question 1, answer Question 2. If you answered "No," do not answer Question 2 or 3.

### QUESTION 2:

Do you find from a preponderance of the evidence that Canales would have dismissed the plaintiff for other reasons even if the plaintiff had not exercised her rights to seek public office and/or to disassociate from political groups?

Answer Yes or No __No__.

If you answered "Yes" to Question 2, do not answer Question 3. If you answered "No," answer Question 3.

### QUESTION 3:

What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff for her damages caused by Canales's violation of her First Amendment rights?

Answer in dollars and cents, if any.

    a.    Earnings, including benefits, that the plaintiff has lost in the past.

        Answer: __$68,400.61__.

    b.    Earnings, including benefits, that the plaintiff is reasonably certain to lose in the future.

        Answer: __$1,431,600.00__.

## CERTIFICATE OF UNANIMOUS VERDICT

      We, the jury, have answered the above questions as herein indicated, and herewith return same into court as our unanimous verdict.

Date/Time: 9-24-13   11:00Am

_____
FOREPERSON